# CONFIDENTIAL AGREEMENT AND MUTUAL GENERAL RELEASE

This Confidential Agreement and Mutual General Release (the "Agreement") is made and entered into on the date(s) reflected below by and between DNA ASSOCIATES, INC., a Florida corporation (the "Company"), and NEKELL CRUZ, an individual (the "Plaintiff").

WHEREAS:

A.  The Plaintiff previously was employed by the Company.

B.  On or about August 5, 2015, the Plaintiff filed a lawsuit against the Company entitled *Nekell Cruz v. DNA Associates, Inc.*, in the United States District Court for the Southern District of Florida (the "District Court"), Case No. 9:15-cv-81088-DMM (the "Civil Action").

C.  The Plaintiff claims that she is entitled to but did not receive from the Company certain compensation allegedly owed to her pursuant to the Fair Labor Standards Act of 1938, as amended (the "Alleged Compensation Amount").

D.  The Company disputes and denies that the Plaintiff is entitled to receive the Alleged Compensation Amount or any part thereof.

E.  There are bona fide disputes between the Company and the Plaintiff as to whether the Plaintiff is entitled to receive the Alleged Compensation Amount or any part thereof, including but not limited to whether Plaintiff worked any overtime hours for which she was not properly paid under the Fair Labor Standards Act of 1938, as amended.

F.  The Company denies each and every material allegation set forth in the Civil Action, and denies having committed any wrong or causing any injury to the Plaintiff.

G.  In order to avoid the further costs and burdens of litigation, the Company and the Plaintiff now desire to settle fully and finally any and all differences between them, including, but not limited to, those differences embodied in the Civil Action.

NOW, THEREFORE, the Company and the Plaintiff agree as follows:

1.  The foregoing recitals constitute part of this Agreement and are true and correct.

2.  Simultaneously with the execution of this Agreement, the Plaintiff will execute the Settlement Agreement attached hereto as Exhibit "A," the terms and

NC

conditions of which are incorporated herein.

3.      Together with this Agreement and the Settlement Agreement attached hereto as Exhibit "A," the attorneys for the Plaintiff will execute a Joint Motion to Review and Approve FLSA Settlement and Dismiss Action with Prejudice (the "Joint Motion") in the form attached hereto as Exhibit "B" with respect to the Civil Action, and forward it to the Company's attorneys as set forth in Paragraph 25(a) below.  The Plaintiff and the Company hereby authorize and instruct their respective attorneys to transmit the executed Joint Motion and proposed form of Order attached hereto as Exhibit "C" to the District Court.  The Plaintiff and Plaintiff's counsel further agree to take whatever other actions are necessary to effectuate the dismissal with prejudice of the Civil Action, including, but not limited to, filing additional motions should the District Court disapprove or deny the Joint Motion attached hereto as Exhibit "B."

4.      The Plaintiff agrees and acknowledges that she shall not in the future provide any services to, or be employed by, the Company.  The Plaintiff further agrees and acknowledges that she will not knowingly accept, apply for, or otherwise seek employment with, or otherwise seek to perform services for, the Company or any of its subsidiaries, divisions, related companies, or controlling shareholders (direct or indirect) at any time.  In the event that the Plaintiff is inadvertently employed by any of the foregoing (including as an independent contractor), she will promptly notify the employing person or entity of her obligation to resign from such employment, and the employing entity shall have the right to require her resignation forthwith.

5.      The Plaintiff represents, warrants, and acknowledges that the Company does not owe her any wages, commissions, bonuses, vacation pay, or other compensation or payments of any kind or nature, other than as set forth in this Agreement.  The Plaintiff further agrees and understands that the amounts paid by or on behalf of the Company pursuant to this Agreement are being paid strictly and solely for purposes of settlement and that the Company expressly denies that the Plaintiff is entitled to receive the Alleged Compensation Amount or any part thereof.

6.      The Plaintiff represents, warrants, and acknowledges that there are bona fide disputes between her and the Company as to whether she is entitled to receive the Alleged Compensation Amount or any part thereof.  Notwithstanding that the Company expressly denies that the Plaintiff is entitled to receive the Alleged Compensation Amount or any part thereof, the Plaintiff represents, warrants, and agrees that the amounts paid by or on behalf of the Company pursuant to the Settlement Agreement attached hereto as Exhibit "A" represent payment-in-full of (a) the Alleged Compensation Amount; and (b) any and all others amounts, including but not limited to alleged unpaid wages, alleged liquidated damages, and costs and attorney's fees, to which the Plaintiff claims or may claim entitlement as against the Company, including amounts pursuant to the Fair Labor Standards Act of 1938, as amended.

7.  The Plaintiff, in consideration of this Agreement and the mutual promises set forth herein, and for other good and valuable consideration received from or on behalf of the Company, receipt whereof is hereby acknowledged, hereby *releases and forever discharges* the Company and the Company's parent companies, subsidiaries, divisions, affiliates, related companies, predecessors, successors, heirs, executors, administrators, assigns, shareholders (direct or indirect), directors, officers, employees, agents, and attorneys (and the shareholders (direct or indirect), directors, officers, employees, agents, and attorneys of such parent companies, subsidiaries, affiliates, and related companies), including Shiraaz N. Ali, and his heirs, executors, and administrators, and all persons acting by, through, under, or in concert with any of them (the Company and the foregoing other persons and entities are hereinafter defined separately and collectively as the "Defendant Releasees"), from all actions, causes of action, debts, sums of money, accounts, covenants, contracts, agreements, promises, damages, judgments, claims, and demands whatsoever, *whether known or unknown*, either in law or equity, whether statutory or common law, whether federal, state, local, or otherwise, including, but not limited to, any claims related to, or arising out of any aspect of the Plaintiff's relationship with the Company, any agreement concerning such relationship, or the termination of such relationship, including, but not limited to:

(a)  any and all claims asserted, or which could have been asserted, in the Civil Action, including, but not limited to, any and all claims under the Fair Labor Standards Act of 1938, as amended;

(b)  any and all claims of wrongful discharge or breach of contract, any and all claims for equitable estoppel, any and all claims for employee benefits, including, but not limited to, any and all claims under the Employee Retirement Income Security Act of 1974, as amended, and any and all claims of employment discrimination on any basis, including, but not limited to, any and all claims under Title VII of the Civil Rights Act of 1964, as amended, under the Age Discrimination in Employment Act of 1967, as amended (the "ADEA"), under the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended, under the Civil Rights Act of 1991, as amended, under the Americans with Disabilities Act of 1990, as amended, under the Immigration Reform and Control Act of 1986, as amended, under the Family and Medical Leave Act of 1993, as amended, under the Florida Civil Rights Act of 1992, as amended, under the Florida Equal Pay Law, as amended, under the Florida Wage Discrimination Law, as amended, and under the Florida Minimum Wage Law;

(c)  any and all claims under any other federal, state, or local wage and hour law, employment law, labor law, civil rights law, human rights law, or workers' compensation law;

(d)  any and all claims of slander, libel, defamation, invasion of privacy, intentional or negligent infliction of emotional distress, negligent misrepresentation, fraud, negligent hiring, supervision or retention, assault and battery, and prima facie tort;

NC

and

(e) any and all claims for monetary recovery, including, but not limited to, back pay, front pay, liquidated, compensatory or punitive damages, attorneys' fees, experts' fees, disbursements, and costs; which, against the Defendant Releasees, the Plaintiff or her heirs, executors, administrators, successors, and assigns ever had, now has, or hereafter can, will, or may have, for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of the world to the date the Plaintiff executes this Agreement.

8. The Plaintiff understands and acknowledges that there may be facts or information which she does not know or suspects to exist in her favor at the time she executes this Agreement, and she agrees that this Agreement is intended to and does extinguish any and all claims she might have based on such facts or information.

9. Excepting only the Civil Action, the Plaintiff represents and warrants that she has never commenced or filed, and covenants and agrees never to commence, file, aid, or in any way prosecute or cause to be commenced or prosecuted against the Defendant Releasees, or any of them, any action, charge, complaint, or other proceeding, whether administrative, judicial, legislative, or otherwise, including, but not limited to, any action or proceeding for attorneys' fees, experts' fees, disbursements, or costs, based upon or seeking relief on account of actions or failures to act by the Defendant Releasees, or any of them, which may have occurred or failed to occur before her execution of this Agreement.

10. The Plaintiff represents and warrants that no other person is entitled to assert any claim based on or arising out of any alleged discriminatory, unlawful, wrongful, tortious, or other conduct against her by the Defendant Releasees, or any of them, including, but not limited to, any and all claims for attorneys' fees, experts' fees, or damages resulting as a consequence thereof, based upon or seeking relief on account of actions or failures to act by the Defendant Releasees which may have occurred or failed to occur before her execution of this Agreement. The Plaintiff further represents and warrants that she has not assigned and will never assign any such claim, and that in the event any such claim is filed or prosecuted by any other person or entity, she will cooperate fully with the Defendant Releasees and will move immediately to withdraw her name and to disassociate herself completely from any such claim, will request such person or entity to withdraw such claim with prejudice, and will not voluntarily cooperate with or testify on behalf of the person or entity prosecuting such claim.

11. (a) The Parties acknowledge that maintaining confidentiality with respect to this Agreement is of paramount importance to the Company. Accordingly, the Parties represent and warrant that they have kept and, except as pursuant to subpoena or other legal compulsion, covenant and agree that they will keep the terms

NC

and fact of this Agreement and the Settlement Agreement attached hereto as Exhibit "A" strictly confidential, and will not disclose (whether verbally, in writing, through non-verbal means (such as winks or nods of the head), or otherwise) any information concerning this Agreement or the Settlement Agreement attached hereto as Exhibit "A" to any person, firm, corporation, governmental agency, or other entity, without the prior written consent of the other party.  This prohibition does not apply to any filing or related communication with any federal, state or local tax or revenue authority, or to communications with counsel or professional tax advisor, who agrees, in advance, to be similarly bound; the the parties are responsible for insuring that any such individuals keep the facts and terms of this Agreement confidential.  Upon inquiry by any third party, other than those listed in the preceding sentence, as to anything related to the Civil Action, including but not limited to the filing or resolution of same, any response shall be strictly limited to the following verbal communication:  "*The matter has been resolved and I cannot discuss it any further.*"  Specifically, neither the parties nor Counsel for the parties will disclose that the Settlement Agreement attached hereto as Exhibit "A" is a matter of public record.  Moreover, the parties acknowledge and agree that they have specifically instructed their counsel that the terms and fact of this Agreement constitute confidential information pursuant to Rule 4-1.6 of the Rules Regulating the Florida Bar.

   (b) The parties acknowledge that there exists the possibility that the District Court may require the filing in open court of this Agreement and/or may require disclosure of the fact and terms of this Agreement at a hearing.  The parties agree to fully cooperate with Company in minimizing the possibility of the fact and terms of this Agreement being disclosed in open court and/or at a hearing.

   (c) Should the fact and terms of this Agreement be disclosed in open court and/or at a hearing, the parties agree and understand that such disclosure shall in no way waive, limit or abrogate their obligation to keep the fact and terms of this Agreement and the Settlement Agreement attached hereto as Exhibit "A" confidential as described in Paragraph 11(a) above.

   (d) The parties agree, represent and warrant they shall not, subsequent to the execution of this Agreement, communicate (whether verbally, in writing, through non-verbal means (such as winks or nods of the head), or otherwise) with any former or current employee or independent contractor of the Company concerning the Civil Action or the claims set forth in the Civil Action.

   (e) The Plaintiff and Plaintiff's counsel agree, represent and warrant that they are not aware of any other former or current employee or independent contractor of the Company who has brought or is contemplating bringing a claim or action against any of the Defendant Releasees.

   (f) Should the Plaintiff become aware of the possibility that the terms

NC

and fact of this Agreement may be disclosed as a result of subpoena or other legal compulsion, she shall provide notice thereof in writing to the Company's attorneys as set forth in Paragraph 25(a) below within seven (7) days of the date that she becomes aware of the possibility in order to provide the Company with an opportunity to prevent disclosure through a protective order or any other appropriate legal mechanism.

(g) The Parties acknowledge and agree that the covenants set forth in Paragraphs 11(a) through 11(f) above are a material inducement to the Company to enter into this Agreement. Accordingly, and notwithstanding any other remedies that also may be available to the Company, in the event of any proven violation by the either party of any of the representations, warranties, agreements, or covenants contained in Paragraphs 11(a) through 11(f) above, the non-breaching party will be entitled to collect from the breaching party any and all damages resulting from or caused by such violation.

12. (a) Plaintiff acknowledges that maintaining the Company's good reputation in the community is of *paramount importance* to the Company. Accordingly, the Plaintiff represents and warrants that she will not disparage or encourage or induce others to disparage the Company or any of the Defendant Releasees by any type of communication, whether verbally, in writing, through gesture or other non-verbal means (such as winks or nods of the head), or otherwise. These proscriptions include, but are not necessarily limited to, communications that are in any way injurious to the reputation and interests of the Company or any of the Defendant Releasees, such as, without limitation, any negative or derogatory comments.

(b) The Company acknowledges that maintaining the Plaintiff's good reputation in the community is of *paramount importance* to the Plaintiff. Accordingly, the Company represents and warrants that it will not disparage or encourage or induce others to disparage the Plaintiff by any type of communication, whether verbally, in writing, through gesture or other non-verbal means (such as winks or nods of the head), or otherwise. These proscriptions include, but are not necessarily limited to, communications that are in any way injurious to the reputation and interests of the Plaintiff, such as, without limitation, any negative or derogatory comments.

(c) Plaintiff agrees that she has not and will not divulge and/or communicate to any third parties, or in any way make use of any confidential or proprietary information, or any other information relating to the business of the Company (collectively "Confidential Information") acquired in the performance of her duties for and/or during her employment with the Company unless compelled pursuant to the order of a court or other governmental or legal body having jurisdiction over such matter. If Plaintiff is compelled by order of a court or other governmental or legal body to communicate or divulge any such Confidential Information to anyone other than the Company and those designated by the Company, she shall give prompt written notice of any such order to Daniel R. Levine, Esq., Bennardo Levine LLP, 1860 NW Boca Raton

NC

Blvd., Boca Raton, Florida 33432, prior to communicating or divulging any such Confidential Information and she shall cooperate fully with the Company in protecting such Confidential Information to the extent possible under applicable law. "Confidential Information" shall not include information which is known within the applicable industry or is or becomes generally available to the public other than as a result of disclosure in violation of this Paragraph 12(b).

      (d)    Plaintiff agrees, represents and warrants that she shall not at any point in the future (a) directly communicate with the Defendant, including but not limited to any officers, directors or administrative or managerial employees of the Company or (b) visit or set foot on the Company's offices or properties.

13.    Excepting claims based upon representations, warranties, agreements, covenants, and promises made in or pursuant to this Agreement, including but not limited to the agreements set forth in Paragraphs 11(a) through 11(g) and Paragraph 12(a) through 12(c) above, the Company, in consideration of this Agreement and the mutual promises set forth herein, and for other good and valuable consideration received from or on behalf of the Plaintiff, receipt whereof is hereby acknowledged, *releases and forever discharges* the Plaintiff and her respective heirs, executors, administrators, successors, and assigns, from all actions, causes of action, debts, sums of money, accounts, covenants, contracts, agreements, promises, damages, judgments, claims, and demands whatsoever, *whether known or unknown*, either in law or equity, whether statutory or common law, whether federal, state, local, or otherwise, including, but not limited to, any claims related to, or arising out of any aspect of the Plaintiff's relationship with the Company, any agreement concerning such relationship, or the termination of such relationship, which, against the Plaintiff, the Company or the Company's successors and assigns ever had, now have or hereafter can, will, or may have, by reason of any matter or cause whatsoever, from the beginning of the world to the date the Company executes this Agreement.

14.    Should any provision of this Agreement be declared or determined by a court of competent jurisdiction to be illegal, invalid, or unenforceable, the validity of the remaining parts, terms, or provisions will not be affected thereby, and said illegal, invalid or unenforceable part, term, or provision will be deemed not to be a part of this Agreement.

15.    No payment made pursuant to this Agreement shall constitute or be considered "wages," "earnings" or "compensation" for any purpose under any retirement plan, welfare plan, stock purchase plan, bonus plan, employee stock ownership plan or vacation policy of the Company.

16.    In any action or proceeding, including but not limited to appellate proceedings, relating to or arising out of this Agreement, the prevailing party shall be entitled to recover her or its costs and attorneys' fees.

NC

17.     This Agreement is to be interpreted, construed, and enforced pursuant to the substantive laws of the State of Florida, without regard to choice of law principles. Any action or proceeding relating to or arising out of this Agreement shall solely and exclusively be brought in the United States district court, southern district of Florida, or a state court of competent jurisdiction and venue shall solely and exclusively be in Palm Beach County, Florida.

18.     Should any term or provision of this Agreement require interpretation or construction, it is agreed by the parties that the court or other entity interpreting or construing this document shall not apply any presumption that the terms and provisions of this Agreement shall be more strictly construed against any particular party, it being agreed that all parties and their respective attorneys have fully participated in the preparation of all terms and provisions of this Agreement.

19.     This Agreement and the Settlement Agreement attached hereto as Exhibit "A" sets forth the entire agreement between the parties hereto, fully supersedes any and all prior agreements or understandings between the parties regarding the subject matter hereof, and may not be modified orally.

20.     This Agreement is not, and shall not in any way be construed as, an admission by the Company or any of the Defendant Releasees of any liability to, or of any unlawful or otherwise wrongful acts against, the Plaintiff or any other person, and the Company specifically disclaims any liability to, or any unlawful or otherwise wrongful acts against, the Plaintiff or any other person on the part of the Company or any of the other Defendant Releasees.  This Agreement shall not be admissible or discoverable in any court or administrative proceeding other than as necessary in an action or proceeding for the express purpose of enforcing or construing this Agreement.

21.     The Plaintiff expressly represents, warrants, and acknowledges that the terms and provisions of this Agreement herein stated are the only consideration for signing this Agreement; that no other promise or agreement of any kind has been made by, to or with any person or entity whatsoever to cause the signing of this Agreement; and that, in executing this Agreement, she does not rely and has not relied upon any representation or statement made by any of the Defendant Releasees or by any of the Defendant Releasees' agents, representatives, or attorneys with regard to the subject matter, basis, or effect of this Agreement or otherwise.

22.     The Plaintiff represents and acknowledges that her signature hereon shows that she has decided, knowingly, voluntarily, freely and without coercion, after consulting with appropriate legal counsel, to execute this Agreement in return for the consideration paid by the Company, and that her signature appearing hereon is genuine.

NC

23. Notwithstanding any other provision of this Agreement to the contrary, the Company and the Plaintiff agree that:

(a) By entering into this Agreement, the parties do not waive rights or claims that may arise after the date this Agreement is executed.

(b) This Agreement does not affect the rights and responsibilities of the U.S. Equal Employment Opportunity Commission (the "EEOC") or like agencies to enforce the ADEA and other laws, and will not affect or be used to interfere with the Plaintiff's protected right to file a charge or participate in an investigation or proceeding conducted by the EEOC or like agencies. The Plaintiff further agrees that she knowingly and voluntarily waives all rights or claims (that arose prior to her execution of this Agreement) that she may have against the Defendant Releasees, or any of them, to receive any benefit or remedial relief (including, but not limited to, reinstatement, back pay, front pay, damages, and attorneys' fees) as a consequence of any charge filed with the EEOC or like agencies, or of any litigation concerning any facts alleged in any such charge.

(c) The Company hereby advises and urge the Plaintiff in writing to consult with an attorney prior to executing this Agreement.

24. This Agreement may be executed in counterparts, each of which shall be deemed an original, and the counterparts shall together constitute one and the same instrument, notwithstanding that the parties hereto may not be signatories to the original or the same counterpart. The parties agree and acknowledge that a photocopy, facsimile copy or email copy of an executed signature or initialed page may be used in place of an original executed signature or initialed page for any purpose.

25. Any notice, correspondence, payment or other communication contemplated by or connected with this Agreement shall be directed as follows:

    (a) <u>If to the Company</u>:

    Daniel R. Levine, Esq.
    Bennardo Levine LLP
    1860 NW Boca Raton Blvd.
    Boca Raton, Florida 33432
    Telephone: (561) 392-8074
    Facsimile: (561) 368-6478
    E-Mail: drlevine@bennardolevine.com

    (b) <u>If to the Plaintiff</u>:

    Robert S. Norell, Esquire

NC

>Robert S. Norell, P.A.
>300 NW 70th Ave., Ste. 305
>Plantation, FL  33317
>Telephone:  (954) 617-6017
>Facsimile:   (954) 617-6018
>E-Mail:       rob@floridawagelaw.com

26. **THE PLAINTIFF EXPRESSLY REPRESENTS AND WARRANTS THAT SHE (a) HAS CAREFULLY READ THIS AGREEMENT OR HAS HAD IT READ TO HER; (b) FULLY UNDERSTANDS THE TERMS, CONDITIONS, AND SIGNIFICANCE OF THIS AGREEMENT; (c) HAS HAD AMPLE TIME TO CONSIDER AND NEGOTIATE THIS AGREEMENT; (d) HAS HAD A FULL OPPORTUNITY TO REVIEW THIS AGREEMENT WITH HER ATTORNEYS, ROBERT S. NORELL, P.A., AND HAS DONE SO; AND (e) HAS EXECUTED THIS AGREEMENT VOLUNTARILY, KNOWINGLY, AND WITH THE ADVICE OF HER ATTORNEYS.**

[SIGNATURES APPEAR ON FOLLOWING PAGE]

NC

DNA ASSOCIATES, INC.

By: _____
    On behalf of DNA Associates, Inc.

Its: President

Dated: 2-18-16

_____
NEKELL CRUZ

Dated: 2-18-16

Exhibit "A"

**SETTLEMENT AGREEMENT**

This Confidential Agreement and Mutual General Release (the "Agreement") is made and entered into on the date(s) reflected below by and between DNA ASSOCIATES, INC., a Florida corporation (the "Company"), and NEKELL CRUZ, an individual (the "Plaintiff").

WHEREAS:

A. The Plaintiff previously was employed by the Company.

B. On or about August 5, 2015, the Plaintiff filed a lawsuit against the Company entitled *Nekell Cruz v. DNA Associates, Inc.*, in the United States District Court for the Southern District of Florida (the "District Court"), Case No. 9:15-cv-81088-DMM (the "Civil Action").

C. The Plaintiff claims that she is entitled to but did not receive from the Company certain compensation allegedly owed to her pursuant to the Fair Labor Standards Act of 1938, as amended (the "Alleged Compensation Amount").

D. The Company disputes and denies that the Plaintiff is entitled to receive the Alleged Compensation Amount or any part thereof.

E. There are bona fide disputes between the Company and the Plaintiff as to whether the Plaintiff is entitled to receive the Alleged Compensation Amount or any part thereof, including but not limited to whether Plaintiff worked any overtime hours for which she was not properly paid under the Fair Labor Standards Act of 1938, as amended.

F. The Company denies each and every material allegation set forth in the Civil Action, and denies having committed any wrong or causing any injury to the Plaintiff.

G. In order to avoid the further costs and burdens of litigation, the Company and the Plaintiff now desire to settle fully and finally any and all differences between them, including, but not limited to, those differences embodied in the Civil Action.

NOW, THEREFORE, the Company and the Plaintiff agree as follows:

1. The foregoing recitals constitute part of this Agreement and are true and correct.

2. In consideration of this Settlement Agreement and the mutual promises set forth

NC

herein, and in full, final and complete settlement, the Company shall cause to be paid to the Plaintiff and her attorneys, Robert S. Norell, P.A. ("Attorneys"), the total gross amount of Fourteen Thousand Dollars and No Cents ($14,000.00) (the "Settlement Amount"). Plaintiff shall receive the total gross and net amount of Eight Thousand Dollars and No Cents ($8,000.00), representing alleged unpaid overtime wages and liquidated damages, and Attorneys shall receive the total gross and net amount of Six Thousand Dollars and No Cents ($6,000.00), representing attorneys' fees and costs. The Settlement Amount shall be paid as follows:

    a.    Within seven (7) days of the District Court entering an order approving this Agreement and dismissing the Civil Action with prejudice:

        (i)    a check made payable to Plaintiff in the gross and net sum of $8,000.00;

        (ii)    a check made payable to Attorneys in the gross and net sum of $6,000.00.

    b.    The payments set forth in above will be reported by the Company for tax purposes on form 1099 to be issued to Plaintiff and, with regard to 2(a)(ii), to Attorneys (tax ID number 65-0643110) and the Plaintiff and Attorneys each agree and understand that no taxes shall be withheld from this payment. The Plaintiff further represents, warrants, and acknowledges that the payment to Attorneys set forth in Paragraph 2(a)(ii) above is entirely at her instigation and request both as to fact and amount, and for her convenience, and that the Company is not in any manner whatsoever involved in her request that such payment be so directed. The Plaintiff and Attorneys each agree and acknowledge that, between them, as allocated pursuant to applicable law, she or it will be solely responsible for the payment of any and all taxes with respect to the payments referenced in this Paragraph, and each represents and warrants that such taxes will be timely and fully paid.

    3.    The parties agree and acknowledge that there are good faith, bona fide disputes between the Company and the Plaintiff as to whether the Plaintiff is entitled to receive the Alleged Compensation Amount or any part thereof, including whether Plaintiff worked any overtime hours for which she was not properly paid under the Fair Labor Standards Act of 1938, as amended. The parties further agree and acknowledge that this Settlement Agreement represents a fair, reasonable, good faith and arms-length compromise of disputed issues and claims. Notwithstanding, Plaintiff represents, warrants, and agrees that the amounts paid by or on behalf of the Company pursuant to this Agreement represent payment-in-full of (a) the Alleged Compensation Amount; and (b) any and all others amounts, including but not limited to alleged unpaid wages, alleged liquidated damages, and costs and attorneys' fees, to which the Plaintiff claims or may

NC

claim entitlement as against the Company, including amounts pursuant to the Fair Labor Standards Act of 1938, as amended.

4. The parties agree and stipulate to the entry of an order approving this Settlement Agreement and dismissing the Civil Action with prejudice, and they agree to request that the District Court retain jurisdiction to enforce the terms of this Settlement Agreement, should such enforcement be necessary.

DNA ASSOCIATES, INC.

By: _[signature]_
    On behalf of DNA Associates, Inc.

Its: President

Dated: 2-18-16

_[signature: Nekell Cruz]_
NEKELL CRUZ

Dated: 2-18-16

Exhibit "B"

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:15-cv-80188-DLB

NEKELL CRUZ,

    Plaintiff,

vs.

DNA ASSOCIATES, INC.,
a Florida corporation,

    Defendant.
_____/

### JOINT MOTION TO REVIEW AND APPROVE FLSA SETTLEMENT AND DISMISS ACTION WITH PREJUDICE

Plaintiff and Defendant, by and through their respective undersigned counsel, hereby jointly move the Court to review and approve their settlement and dismiss this action with prejudice, as follows:

1. Plaintiff's complaint alleges that Defendant violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), by failing to pay her alleged unpaid overtime compensation. Defendant vigorously denies any wrongdoing under the FLSA, and further denies that Plaintiff is entitled to any relief whatsoever. The parties agree that there is a bona fide, good faith dispute as to both liability and damages regarding Plaintiff's claims.

2. To avoid the costs and uncertainty of further litigation, the parties have negotiated a settlement of this matter. Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised with the approval of the district court (or under the supervision of the U.S.

NC

Department of Labor).  The parties request that the Court review and approve their settlement and dismiss this action with prejudice.  The parties further request that the Court reserve jurisdiction to enforce the terms of the settlement, should such enforcement be necessary.

3. All parties are represented by counsel in this action, and all parties and their respective counsel agree and stipulate that the settlement represents a fair, reasonable, good faith and arms-length compromise of Plaintiff's claims.

4. Attached hereto as Exhibit "A" is a copy of the parties' Settlement Agreement.

WHEREFORE, Plaintiff and Defendant jointly request that the Court enter an order (a) approving the parties' settlement; (b) dismissing this action with prejudice; and (c) reserving jurisdiction to enforce the terms of the settlement, should such enforcement be necessary.  A proposed order is provided herewith.

Respectfully submitted this ____ day of _____, 2016.

| | |
|---|---|
| Robert S. Norell, Esquire | Daniel R. Levine, Esquire |
| E-Mail:  rob@floridawagelaw.com | E-Mail: drlevine@bennardolevine.com |
| Robert S. Norell, P.A.<br>300 NW 70th Ave., Ste. 305<br>Plantation, FL  33317<br>Telephone:  (954) 617-6017<br>Facsimile:    (954) 617-6018<br>Counsel for Plaintiff | Bennardo Levine LLP<br>1860 NW Boca Raton Blvd.<br>Boca Raton, FL 33432<br>Telephone:  (561) 392-8074<br>Facsimile:  (561) 368-6478<br>Counsel for Defendant |
| *s/ Rob S. Norell*<br>ROBERT S. NORELL, ESQ.<br>Florida Bar No. | *s/ Daniel R. Levine*<br>DANIEL R. LEVINE, ESQ.<br>Florida Bar No. 0057861 |

Exhibit "C"

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:15-cv-80188-DLB

NEKELL CRUZ,

    Plaintiff,

vs.

DNA ASSOCIATES, INC.,
a Florida corporation,

    Defendant.
_____/

**ORDER APPROVING SETTLEMENT AND DISMISSING ACTION WITH PREJUDICE**

**THIS CAUSE** came before the Court upon the parties' joint motion to review and approve FLSA settlement and dismiss action with prejudice. The parties have sought the Court's approval of their settlement. *See Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350, 1353 (11th Cir. 1982). The Court has reviewed the parties' settlement and is otherwise fully advised in the premises, and it is hereby

**ORDERED and ADJUDGED** that the parties' settlement is APPROVED and this action is **DISMISSED WITH PREJUDICE**. The Court retains jurisdiction to enforce the terms of the parties' settlement, should such enforcement be necessary.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this _____ day of February, 2016.

                                    DAVE LEE BRANNON
                                    UNITED STATES MAGISTRATE JUDGE

Copies furnished to all counsel of record

NC