UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-81088-Civ-Brannon

NEKELL CRUZ,

    Plaintiff,

vs.

DNA ASSOCIATES, INC., and
SHIRAAZ N. ALI,

    Defendants.

_____/

ORDER APPROVING FLSA SETTLEMENT AGREEMENT
AND DISMISSING CASE WITH PREJUDICE

THIS CAUSE is before the Court upon the parties' Joint Motion to Review and Approve Settlement and Dismiss Action with Prejudice (DE 41).  The Court has reviewed the entire record and is fully advised in the premises.

In this case, Plaintiff alleges that Defendants violated the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219, by failing to pay her overtime compensation (DE 1). Defendants answered with general denials and affirmative defenses (DE 19) and the parties have exchanged statements of the claim asserted and responses thereto (DE 20, DE 22).

In their instant motion, the parties jointly represent that there is a bona fide, good faith dispute as to both liability and damages regarding Plaintiff's claims.  The parties state that they attended a settlement conference with U.S. Magistrate Judge William Matthewman, during which they were able to negotiate an amicable settlement to avoid the costs and

uncertainty of further litigation. Attached to the motion is a fully-executed Settlement Agreement (DE 41-1) for Court review and approval.

Per their settlement agreement, Plaintiff will receive a total of $8,000.00 in exchange for settling her claims against Defendants. In addition, Defendants will pay $6,000.00 to Plaintiff's counsel as payment for Plaintiff's attorney's fees and costs. Thus, the total payment is $14,000.00. All parties and their counsel agree that these amounts represent a fair and reasonable resolution of Plaintiff's FLSA claims.

When a private action brought under the FLSA is settled, the Court "may enter a stipulated judgment after scrutinizing the settlement for fairness." Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353, 1355 (11th Cir. 1982). In scrutinizing the settlement, the Court must find that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Id. at 1355. While FLSA provisions are mandatory, the Eleventh Circuit recognizes that there may be bona fide disputes as to FLSA coverage and thus, the Court may approve a settlement to "promote the policy of encouraging settlement of litigation." Id. at 1354. Where, as here, a settlement agreement was entered into in an adversarial context with both sides represented by counsel throughout the litigation, the settlement agreement is "more likely to reflect a reasonable compromise" over disputed issues. Id.

After an independent review of the record in this case and the counseled parties' fully-executed Settlement Agreement—which includes mutual releases, mutual non-disparagement clauses, a provision for the dismissal of this suit with prejudice, and a detailed breakdown of the agreed-upon amounts to be paid to Plaintiff and Plaintiff's counsel—the Court concludes that the settlement is a fair and reasonable resolution of a bona fide FLSA dispute.

Accordingly, the Court ORDERS AND ADJUDGES that the Motion (DE 41) is GRANTED.  The Court APPROVES the parties' Settlement Agreement (DE 41-1).  This case is DISMISSED WITH PREJUDICE, with the Court retaining jurisdiction to enforce the terms of the Settlement Agreement, if necessary.  The Clerk of Court shall CLOSE THIS CASE.

DONE AND ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 22nd day of February, 2016.

_____
DAVE LEE BRANNON
U.S. MAGISTRATE JUDGE